UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                    Case No. 07-CR-171

DAVID SZYMUSZKIEWICZ,

Defendant.

## DEFENDANT'S REPLY BRIEF SUPPORTING
## MOTION TO DISMISS AND MOTION TO COMPEL

Defendant David Szymuszkiewicz submits the following reply to the

arguments set forth in the government's brief opposing his motions.

The government proposes to provide the defense with "the results of any

necessary analysis." The government does not identify who decides what

analysis is necessary, presumably, the government and the Internal Revenue

Service investigators will. The inherent problem with anyone tied to the IRS

conducting the investigation is that the IRS is not an unbiased observer. It was

the IRS who made the decision to terminate the Szymuszkiewicz's employment,

based upon his mere receipt of e-mails from a supervisor. It was the IRS who

conducted no analysis of the sending computer and have retained possession of

it throughout. These actions, including the IRS's termination of an active union member, precludes using IRS investigators to conduct a defense analysis of the two laptops computers. The defense objects to any proposal by which Szymuszkiewicz's defense would be dependent on an IRS investigation.

The defense has made arrangements to retain a forensic computer expert to image and examine the subject computers. That expert would agree to be subject to any reasonable confidentiality agreement or protective order, as discussed herein.

The government states that Szymuszkiewicz's laptop computer was copied or imaged by government investigators, that those investigators reviewed his Outlook program and the relevant email servers, they found dozens of emails autoforwarded by rule. The government suggests that this investigation was sufficient and nothing more could have been done. However, the government has not provided the imaged computer in discovery in accord under its open-file policy, nor has the government asserted that it has searched that data (which is in their exclusive possession and control) to determine if exculpatory evidence is present which must be provided to the defense. Instead, the government only provides selected copies of the autoforwarded emails.

Other than those referenced, selected e-mails, the government has provided no evidence of any investigation designed to discover the historical

2

truth. Many critical questions remain unanswered. Were the forwarded e-mails sent to anyone else? Were they sent intentionally or inadvertently? What other rules existed on either computer? Did Infusino manually forward any e-mails to Szymuszkiewicz at any time? All of these questions are relevant and none of them are addressed in the discovery provided by the government.

In response to Peter Mulholland's affidavit, the government simply alleges that it has facts that will prove him wrong. However, the government submitted no counter-affidavit from any investigator, no citation to the records produced in discovery or no other evidence in support of its claim. Instead, the government merely alleged that Szymuszkiewicz had an opportunity to create a forwarding rule on Infusino's computer. It has not disclosed when, how, where or under what circumstances such a rule could have been created.

Both Szymuszkiewicz's and Infusino's computers, if examined, would reveal their computer skills, or lack thereof. Examination would demonstrate their history of exposure to rule use and implementation, their practice of forwarding e-mails and the frequency of errors by either operator. According to Mulholland, neither Szymuszkiewicz nor Infusino are skilled in using computers. Records in the possession of the IRS would reveal the full history of tech support and assistance provided to them. Those records also would reveal which IT specialist examined and took corrective action on either computer

throughout the entire subject period. The government has provided no discovery of the service history provided for these computers. The defense assumes that the government has not even requested such data or it would have been included in "open-file" discovery.

The government also contends that it cannot release the laptops to a defense investigator because they contain confidential taxpayer information, citing 26 U.S.C. §6103. That statute provides that tax returns shall not be disclosed except to enumerated persons. The government has submitted no affidavit affirming that the computers in question contain any confidential taxpayer information or that any human being has examined them to determine if that is the case. On the contrary, the government has advised the defense that it has not conducted any imaging analysis of Infusino's computer.

Moreover, the government knows that the defense has no interest in the individual tax records that apparently are accessible on the laptops. The defense's only interest in examining inner workings of the laptops and their programs to determine when, how and by whom the autoforward rule was created. The taxpayer records could be password protected to prevent access. In addition, Szymuszkiewicz, his counsel and his investigator would be willing to sign any reasonable protective order that would preserve the confidentiality of

4

the taxpayers returns inadvertently accessed, but still allow the defense to conduct its investigation.

The problem with the government's suggestion of the defense providing a list of specific searches is that a forensic examination of a computer never follows a straight path. Invariably, searches will lead to additional searches not contemplated initially. The most pragmatic and expeditious approach would be to password access to the records and provide the laptops to the defense examiners under a strict protective order.

The government's alternative proposal is that the government, not a defense examiner, conduct searches provided by list to the government *in camera* in the presence of the Court. In addition to the inherent problems with the government conducting the search that are described above, this proposal strikes defense counsel as a waste of the Court's time. Defense counsel's objection to the government investigator conducting the search is not that the defense believes the investigator cannot be trusted; rather, the objection is, as discussed above, that the defense must be assured that the person conducting the examination is willing to deviate from a set list of searches to investigate matters previously unknown to any one involved.

The defense has reviewed all records provided through the government's open-file policy, all investigative reports and all emails. Nowhere in those

5

records exists even a shred of evidence that Szymuszkiewicz created an autoforward rule, when he created it, or how he created it. The government asserts that it is "not complicated" to create an autoforward rule, but has failed to identify any witness or any expert who will testify that Szymuszkiewicz has the computer savvy to do so. The government asserts that Szymuszkiewicz and Infusino worked in the same office at the same time, but has failed to provide any discovery or otherwise identify where and when they worked in the same location -- a fact critical to Szymuszkiewicz's defense. Moreover, the government provides an investigative report in which Infusino states that she did not create the rule, but fails to provide any documentation indicating that the government investigated her assertion to determine whether it was possible that Infusino herself created a rule forwarding her email and simply forgot that she did so. Instead, the government's position amounts to "trust us, we have a case."

Not allowing the defense to inspect Szymuszkiewicz's and Infusino's laptop's is akin to denying a defendant the opportunity have a firearm inspected for fingerprints and DNA or to have a substance examined to confirm it is a controlled substance. The government has a responsibility to allow inspections of objects that may contain exculpatory evidence. The government does not know whether such evidence exists in either Szymuszkiewicz's or Infusino's computers because the government's investigators never bothered to look.

6

At its core, the government's case amounts to, we think he did it, we have

no evidence, but we'll come up with something by the time this case goes to trial.

This approach smacks of trial by ambush and is antithetical to modern ideas of

justice and fundamental principles of due process.

Dated this 14th day of September, 2007.

GIMBEL, REILLY, GUERIN & BROWN

By:

PATRICK J. KNIGHT
State Bar No. 1013374
KATHRYN A. KEPPEL
State Bar No. 1005149
Attorneys for Defendant

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
*crimszymuszkiewicz/p/dismissbrief*

Case 2:07-cr-00171-LA   Filed 09/14/07   Page 7 of 7   Document 12