US DC

OCT -- 

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                                 **Case No. 07-CR-171**

**DAVID SZYMUSZKIEWICZ,**

        **Defendant.**

---

## JURY INSTRUCTIONS

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 1

## FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

2

# I. **EVIDENTIARY CONSIDERATIONS**

## **COURT'S INSTRUCTION NO. 2**

## **THE EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

3

## COURT'S INSTRUCTION NO. 3

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

4

## COURT'S INSTRUCTION NO. 4

### WEIGHING THE EVIDENCE--INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

5

## COURT'S INSTRUCTION NO. 5

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Some of you have heard the phrases "circumstantial evidence" and "direct evidence."

Direct evidence is the testimony of someone who claims to have personal knowledge of the

commission of the crime which has been charged, such as an eyewitness. Circumstantial

evidence is the proof of a series of facts which tend to show whether the defendant is guilty

or not guilty. The law makes no distinction between the weight to be given either direct or

circumstantial evidence. You should decide how much weight to give to any evidence. All

the evidence in the case, including the circumstantial evidence, should be considered by

you in reaching your verdict.

6

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 6

### TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

7

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 7

## DISCREPANCIES IN TESTIMONY

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the evidence of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

8

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 8

### WEIGHING EXPERT TESTIMONY

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

9

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 9

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

10

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 10**

**ATTORNEY INTERVIEWING WITNESS**

It is proper for an attorney to interview any witness in preparation for trial.

11

AO 72A
(Rev.8/82)

## II. **CHARGES AND THE BURDEN OF PROOF**

### **COURT'S INSTRUCTION NO. 11**

### **THE CHARGE - THE INDICTMENT**

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged with the offenses of intercepting an electronic communication.  The defendant has pleaded not guilty to the charges.

12

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 12

## PRESUMPTION OF INNOCENCE - BURDEN OF PROOF

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

13

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 13

## THE CHARGE AGAINST THE DEFENDANT

The indictment reads as follows:

## COUNT ONE

### THE GRAND JURY CHARGES:

1.     On or about January 22, 2004, in the City of Racine, in the State and Eastern District of Wisconsin,

### DAVID S. SZYMUSZKIEWICZ,

the defendant herein, did intentionally and unlawfully intercept an electronic communication using a computer.

2.     The communication is more particularly described as an email from N.I. to D.A.S. with the subject line "RE: Ratings."

All in violation of Title 18, United States Code, Section 2511(1)(a).

## COUNT TWO

### THE GRAND JURY FURTHER CHARGES:

1.     On or about February 6, 2004, in the City of Racine, in the State and Eastern District of Wisconsin,

### DAVID S. SZYMUSZKIEWICZ,

the defendant herein, did intentionally and unlawfully intercept an electronic communication using a computer.

2.     The communication is more particularly described as an email from

14

T.M.M. to N.I. with the subject line "FW Fraud Referral" and an attachment with the title "smime.p7m."

All in violation of Title 18, United States Code, Section 2511(1)(a).

## COUNT THREE

### THE GRAND JURY FURTHER CHARGES:

1.    On or about April 27, 2006, in the City of Racine, in the State and Eastern District of Wisconsin,

### DAVID S. SZYMUSZKIEWICZ,

the defendant herein, did intentionally and unlawfully intercept an electronic communication using a computer.

2.    The communication is more particularly described as an email from N.I. to S.E.W. with the subject line "FW: BRP" and an attachment with the title "SBSE Universal BRP1.xls."

All in violation of Title 18, United States Code, Section 2511(1)(a).

15

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 14

## ELEMENTS OF THE OFFENSES

To sustain the charge of intercepting an electronic communication, the government must prove the following propositions:

First, that the defendant intercepted an electronic communication; and

Second, that the defendant intercepted an electronic communication intentionally.

The term "intercept" means to acquire the contents of any electronic communication through the use of any electronic, mechanical, or other device.

The term "electronic communication" means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce.

"Contents" includes any information concerning the substance, purport, or meaning of that communication.

An "electronic, mechanical, or other device" means any device or apparatus which can be used to intercept a wire, oral, or electronic communication.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

16

**COURT'S INSTRUCTION NO. 15**

**DEFINITION OF INTENTIONALLY**

The government must prove beyond a reasonable doubt that the defendant acted intentionally when he committed the act charged. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully; that is, defendant's act must have been the product of defendant's conscious objective rather than the product of a mistake or an accident.

17

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 16

## DATE OF CRIME CHARGED

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offenses happened on those exact dates.

18

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 17

## PUNISHMENT

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in arriving at an impartial verdict as to the guilt or innocence of the accused.

19

AO 72A
(Rev.8/82)

### III. PROCEDURE FOR JURY DELIBERATION

### COURT'S INSTRUCTION NO. 18

### SELECTION OF FOREPERSON -- GENERAL VERDICT

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

### [Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

20

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 19

## SEPARATE CONSIDERATION OF CHARGES

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

21

**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. When you have concluded your deliberations and submitted your verdict, I will thank you for your careful consideration of the evidence and the law, regardless of what your verdict is. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

22

## COURT'S INSTRUCTION NO. 21

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

23

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 22

## COMMUNICATION WITH OTHERS

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

24

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 23

### EXHIBITS

All of the exhibits that have been received into evidence and which the attorneys

have agreed to will be provided to you during your deliberations upon your request.

25

AO 72A
(Rev.8/82)