# GRGB LAW

GIMBEL · REILLY · GUERIN · BROWN

Writer's Direct E-mail
pknight@grgblaw.com

January 5, 2009

Honorable Lynn S. Adelman
Federal Courthouse, Rm. 390
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

    Re:    *United States v. David Szymuszkiewicz*
           Case No. 07-CR-171

Dear Judge Adelman:

Please accept this letter as the defendant's factual and legal objections to the presentence investigation report received by the defense on December 24, 2008.

    1.    Base Offence Level. The defense agrees that a violation of 18 USC Section 25.11(1)(a) has a base offense level of 9 as found in USSG Section 2H(3).1.

    2.    Victim Related Adjustments. The defense submits that the increase requested in paragraph 18 based on USSG Section 3A(1).2 is not warranted. That section provides that if the victim is a government officer or employee and the offense of conviction was motivated by such status an increase of three levels is recommended. The government's rationale for this increase is that the defendant "began intercepting his supervisor's email correspondence as … (he) suspected his job was in jeopardy after he received his third operating while intoxicated citation. There is no basis for this increase as the evidence at trial established auto forwarded emails were sent to the defendant at least since February 6 of 2003. The defendant received the subject citation for operating while intoxicated on April 19 of 2003. It is uncontroverted therefore, that emails were auto forwarded from Infusino to Szymuszkiewicz for over two months prior to him receiving the subject citation. This is borne out by the government's position during argument that "maybe he was nosy" as a rationale for receiving the auto forwarded emails. In addition, the application notes to Section 3A1.2 demonstrate that its application is clearly unwarranted here. Notes 1 and 2 clearly state that the guideline does not apply where the victim is an organization or agency of the government and that, in most cases "the offenses to which subdivision A will apply will be from Chapter 2, Part A (offenses against the person).

TWO PLAZA EAST
SUITE 1170
330 E. KILBOURN AVE.
MILWAUKEE, WI 53202
P: 414-271-1440
F: 414-271-7680
WWW.GRGBLAW.COM


MILWAUKEE

3. <u>Criminal History</u>. The report recommends a subtotal criminal history score of 3 based on two convictions for operating while intoxicated in 1999 and 2003. It then recommends a two level increase arguing that the offense was committed while serving a sentence and a one level increase under 4A1.1(e) contending that he committed the instance offense less than two years after release from imprisonment. Both of these increases are unwarranted due to the factual circumstances of this matter.

Under the government's theory of the case, the only conceivable affirmative act on the part of the defendant would have been the creation of an auto forwarding rule on the computer forwarding Infusino's email to the defendant's computer. Under the evidence submitted by the government, if believed, the auto forwarding rule was created well prior to both the commission of and sentence received in state case no. 03CT005303. There is no factual allegation in this matter that the defendant did any act or took any steps after February '03 that resulted in the forwarding of Infusino's email. To the contrary it is uncontradicted that the defendant replied to auto forwarded emails from Infusino during the subject period, thus putting her on notice that emails from her computer had been auto forwarded to the defendant pursuant to a rule.

In addition, the defendant's factual history warrants a downward departure under Section 4A1.3(b)(1) because of the defendant's criminal history category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The two entries in the defendant's criminal history category are offenses of operating while intoxicated nine and five years ago. The defendant freely admitted the offense and sought extensive treatment. In 2003 he completed an extensive outpatient treatment program which included an alcohol assessment and regular AODA appointments along with random screenings for the use of alcohol and/or other substances. The defendant successfully completed that treatment and has remained alcohol free to this day. As the defendant has never knowingly engaged in any unlawful conduct other than two traffic crimes occurring while he was abusing alcohol, the criminal history category substantially over-represents the seriousness of the offense. Under these circumstances there is no likelihood that the defendant would commit other crimes and a downward departure is warranted.

The correct subtotal criminal history score is therefore 3 which places him in category 2 under criminal history. If a downward departure of 2 is applied he would be in criminal history category 1. If a level 1 downward departure is applied, he would remain a criminal history category 2.

4. <u>Factual Discrepancy</u>. In addition to the legal correction set forth above the following factual errors were set forth in the presentence report:

Part A, paragraph 5 – Theresa Memmel and David Tietz both testified that they separately deleted the subject outlook rule.

Part A, paragraphs 6 & 7 – TIGTA Special Agent William Taylor testified that he never examined Infusino's computer nor did he attempt to determine if other rules were utilized or any other emails auto-forwarded by that computer.

Part A, paragraph 10 – The belief expressed in this paragraph is refuted by the uncontradicted evidence that emails were auto forwarded prior to the defendant receiving his citation for operating while under the influence.

Part A, paragraph 11 – Contrary to the speculation of non-witness, Special Agent John Glugos, there is no evidence that any confidential taxpayer information was ever breached by the auto forwarding of emails. No such evidence exists and none was offered to support such a claim. While special agent Taylor speculated that it might be possible for a secondary recipient to open encrypted messages, retired IRS IT Specialist Peter Mulholland, affirmatively testified that testing he conducted while at the IRS established that secondary recipients could not open any encrypted messages within emails.

Part A, paragraph 9 – The uncontradicted evidence is that the defendant communicated both to Karen Kammers and Chief Steward Doreen Greenwald that he was receiving unwanted emails from Ms. Infusino. In addition, the unrefuted documentary evidence establishes that the defendant replied to auto forwarded emails from Infusino and that such replies clearly informed the recipient that the original email had been auto forwarded pursuant to the rule.

Part C, paragraph 40 – Brenda Szymuszkiewicz's correct age is 47. Todd Szymuszkiewicz's correct age is 16.

Part C, paragraph 41 – Neither Mr. nor Mrs. Szymuszkiewicz has ever communicated that they are mistrustful of all government officials. (Brenda Szymuszkiewicz through her husband communicated that she did not wish to be interviewed for purposes of this report.)

Part C, paragraph 50 – Under the Assets heading, the retirement account and the savings and checking accounts at Federated Family Credit Union should be half the stated amount with an asterisk representing that they are the defendant's half of assets where liability is shared jointly with his spouse pursuant to the Wisconsin Uniform Marital Property Act. The financial information listed from Wells Fargo and Federated Family Credit Union was obtained in October, 2008. Since that time the funds have been depleting. Under the heading,

January 5, 2009
Page 4

Unencumbered Assets, the value assigned to the 1993 Ford Escort, should be zero. The vehicle is inoperable and needs a transmission replacement which would exceed the actual Blue Book value of the vehicle. The vehicle is not currently licensed. Under the heading, Equity and Other Assets, the actual assessed value of the property is the same as the fair market value, $232,600.00. In the most recent 2008 assessment, the fair market value of the property has dropped to $225,600.

Part C, paragraph 52 – Copies of both the 2007 and 2006 Federal Income Tax Returns were provided to the report author during the home visit on December 8, 2008.

Based on the above corrections and objections, the correct offense level is 9 and the criminal history level in the criminal history category is either 1 or 2 depending on the Court's determination of an appropriate downward departure due to the absence of any likelihood to re-offend and that the category, as computed, overstates his criminal history. Under either Criminal History Category 1 or 2 the applicable guidelines ranges are in Zone B and the defendant is eligible for probation as a sentence. Due to both the factual circumstances mentioned above, and the novelty of the government's theory, which is unprecedented in past published prosecutions, probation is the appropriate sentence.

Respectfully submitted,

PATRICK J. KNIGHT

PJK/mjj
cc    Erica O'Neill – U.S. Attorney's office
      LaKeasha K. Mallett – U.S. Probation Officer
      David Szymuszkiewicz

*crim/szymuszkiewicz/c/adelman2009-01-05*