UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                           Case No. 07-CR-171

DAVID SZYMUSZKIEWICZ,

      Defendant.

## DEFENSE SENTENCING MEMORANDUM

Defendant David Szymuszkiewicz is before the Court for sentencing, having been found guilty of three counts of intentionally intercepting electronic communication by use of a computer contrary to 18 U.S.C. §2511(1)(a). This memorandum will address the appropriate sentencing considerations, Szymuszkiewicz's background and the unique and unusual nature of these convictions.

## SENTENCING FACTORS

In 2005, the United States Supreme Court rejected the view that the United States Sentencing Guidelines are mandatory and reinstated the district courts' ability to craft sentences within their discretion pursuant to the factors set forth

in 18 U.S.C. §3553(a). *See United States v. Booker*, 543 U.S. 220 (2005).

Section 3553(a) requires sentencing judges to consider:

> (1) the nature and circumstances of the offense and the history and character of the defendant;
> (2) the need for the sentence imposed to:
> (a) reflect the seriousness of the offense, promote respect for the law and provide "just punishment" for the offense;
> (b) afford adequate deterrence;
> (c) protect the public from further crimes by the defendant; and
> (d) provide the defendant with needed rehabilitation, including educational or vocational training, medical care or other correctional treatment;
> (3) the kinds of sentences legally available;
> (4) the advisory range under the Sentencing Guidelines;
> (5) any pertinent Sentencing Commission policy statements;
> (6) the need to avoid unwarranted sentence disparities; and
> (7) the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347-48, 127 S.Ct. 2456, 2463 (2007). The courts are to "'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing as set out above." *Id*. Courts must consider the guidelines in determining the proper sentence, *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 594 (2007), but they may not presume that correct sentence falls within the guideline range, *Rita*, 551 U.S. at 351, or place "any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). In other words, the guidelines are simply one of the many section 3553(a) factors that the courts must consider an imposing sentence. *United States v. Carter*, 530 F.3d 565, 578 (7th Cir.), *cert. denied*, 129 S.Ct. 474 (2008).

*See also United States v. Journey*, 2009 WL 2391532, Dkt. No.08-CR-338 (E.D. Wis. July 31, 2009) (citing cases cited above).

As a result, sentencing courts have considerable discretion to individualize the sentence to the offense and offender as long as their reasoning is consistent with section 3553(a); variations from the guidelines are not to be presumed unreasonable. "Although '[t]he applicable guideline nudges [a sentencing judge] toward the sentencing range, . . . his freedom to impose a reasonable sentence outside the range is **unfettered**.'" *United States v. Wachowiak,* 496 F.3d 744, 749 (7th Cir. 2007) (emphasis added). Thus, even sentences well under the applicable guideline range have been upheld as reasonable, so long as the district court's analysis under section 3553(a) and explanation is "sufficiently compelling to justify the variance." *Id*. at 749 (citing *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)). A sentence imposed outside the applicable guideline range also will survive appeal, so long as the district court's section 3553(a) explanation is sufficiently compelling to justify the variance. *See Dean*, 414 F.3d at 729.

The district court's section 3553(a) explanation should articulate the statutory factors the judge believes warrants a sentence which falls outside the guideline range. *Wachowiak,* 496 F.3d at 749. The more extreme the variance, the more specific and compelling the justification under section 3553(a) must be. *Id.* at 749-50. If the justification is consistent with section 3553(a), and reasonably corresponds to factors unique to the defendant, and the sentence chosen is within

3

the broad range of objectively reasonable sentences under the circumstances, then the sentence is reasonable. *Id*. at 750. *See also United States v. Baker*, 445 F.3d 987 (7th Cir. 2006) (sentence as much as forty-eight months below the applicable guideline range found reasonable based on defendant's lack of criminal history, age, religious background, history of employment and higher education, and the court's finding that "a prison term would mean more" to the defendant than to a defendant who already had been imprisoned); *United States v. Ngatia*, 477 F.3d 496 (7th Cir. 2007) (sentence as much as one hundred-fifty one months below the applicable sentence range found reasonable based on defendant's good character, sincere remorse, educational achievements and rehabilitative efforts).

## SZYMUSZKIEWICZ'S GUIDELINE RANGE

The presentence report sets Szymuszkiewicz's base range at a level nine and adds a three level increase under U.S.S.G. §3A1.2. See defense objections to presentence attached hereto as Exhibit 1. The report also determines that Szymuszkiewicz is at a criminal history III based on two OWI convictions in 1999 and 2003. As a result, the report concludes that his sentencing guideline range is fifteen to twenty-one months.

Szymuszkiewicz has objected to the presentence report with respect to both the section 3A1.2 increase and the criminal history level. This section is generally applied where the defendant has assaulted a police officer or some other government officer, *see e.g. United States v. Robinson*, 537 F.3d 798, 802-03

4

(7th Cir. 2008), has sent threatening communications to the officer or employee, *see e.g. United States v. Hudspeth*, 208 F.3d 537, 539 (6th Cir. 2000), or has issued false statements about the officer or employee that the officer or employee is compelled to defend, *see e.g. United States v. Thomas*, 162 Fed.Appx. 332, \*\*2 (5th Cir. 2006). Moreover, as stated in Application Note 3 to section 3A1.2, "[t]his adjustment would not apply, for example, where both the defendant and the victim were employed by the same government agency and the offense was motivated by a personal dispute."

As explained in Szymuszkiewicz's written objections to the presentence report, there should be no increase under section 3A1.2 because there was no individual victim of this offense. The victim is the Internal Revenue Service itself, not its employee. The only emails that were auto-forwarded were related to Internal Revenue Service business. There is no record that Szymuszkiewicz ever intercepted or received any of his co-worker's personal communications or that any personal information was disclosed. Also, there was no evidence upon which one could conclude that Szymuszkiewicz's co-worker's status as a government employee was a motivation for the offenses of conviction.

As for the criminal history category, it is Szymuszkiewicz's position that the report is based on factual error as to the timing of the conduct constituting the offense of conviction. Szymuszkiewicz was charged with creating a computer rule that automatically forwarded his co-worker's emails to him. The

5

evidence established that Szymuszkiewicz was receiving autoforwarded emails as early as February 2003, meaning the rule had to have been created *before* February 2003. Szymuszkiewicz's third offense OWI occurred in April 2003. Thus, the creation of the rule could not have occurred while the OWI offense was pending.

Moreover, the OWI convictions also grossly over-represent the seriousness of Szymuszkiewicz's criminal history and the likelihood that he will commit additional offenses in the future. As explained in Szymuszkiewicz's objections to the presentence report, this Court has recognized in other cases that OWI convictions are distinguishable from other crimes due to the absence of a *mens rea* requirement, and have been held to overstate the seriousness of a defendant's criminal history. *See United States v. Chamulak*, Dkt. No. 06-CR-24 at 6, 2006 U.S. Dist. LEXIS 80252, at *7-8 (E.D. Wis. November 1, 2006). Applying that reasoning, a downward departure returning Szymuszkiewicz's criminal history to category I is appropriate under U.S.S.G. §4A1.3(b). Thus, the appropriate guideline range is a potential confinement period of four to ten months, which makes Szymuszkiewicz eligible for a sentence of probation.

## SENTENCING CONSIDERATIONS

Szymuszkiewicz stands in a truly unique position. To date, no other use of the common auto-forwarding feature on Microsoft Outlook has resulted in a criminal prosecution, much less a conviction. Its unique nature substantially

6

mitigates the need for any punitive sentence that might otherwise arise out of the circumstances of the offense or the need to provide adequate deterrence to criminal conduct. Similarly, there is no demonstrated need to protect the public from any further crimes by Szymuszkiewicz since that prospect is incredibly remote. Finally, there is no educational, vocational, medical or correctional treatment that is necessary to consider in the imposition of sentence.

Szymuszkiewicz is a fifty year old husband and father with a stellar twenty-one year history as a Revenue Officer with the Internal Revenue Service. He is a 1976 graduate of Milwaukee Pulaski High School and received his bachelor's degree in Business Administration from UW-Stout in 1981, the first in his family to obtain a college degree. David has been married to Brenda since 1983 and has two sons, ages twenty-two and fifteen. Brenda is a Quality Assurance Inspector with the Department of Defense.

The financial impact of this investigation and prosecution has been horrific. Szymuszkiewicz was suspended without pay in July 2007. Although he retained counsel to defend him on this charge, he has been unable to make any payments towards those services since prior to the time of trial and his indebtedness for that continued representation is in excess of $50,000. He has lost his career, his income and his federal benefits as a result of this conviction.

The government has opined that Szymuszkiewicz created an auto-forwarding rule because of job concerns following his arrest for operating under

the influence in April 2003. To the contrary, the government's own evidence revealed that emails were auto-forwarded to Szymuszkiewicz well prior to April 2003.

Szymuszkiewicz has strong family support, a solid educational background and vocational history. The sentencing guidelines fail to account for those attributes, *see United States v. Ranum*, 353 F.Supp. 2d 984, 991 (E.D. Wis. 2005).

The severe collateral consequences, financial and otherwise, visited upon Szymuszkiewicz place him in a similar situation as the defendants in *United States v. Samiras*, 390 F.2d 805 (E. D. Wis. 2005) and *United States v. Redemann*, 295 F.Supp. 887 (E.D. 2003). Those cases stand for the proposition that a downward departure is appropriate where there are collateral consequences from the conviction and that the loss of employment or a career is an appropriate sentencing consideration despite not being a factor considered by the sentencing guidelines.

## CONCLUSION

The government's motive theory, as argued to the jury, was that "maybe he [Szymuszkiewicz] was nosy." There is no evidence that Szymuszkiewicz compromised or reviewed or disclosed confidential information. There is no evidence that he disseminated any private information. He received excellent job performance evaluations throughout the subject period and his receipt of

8

forwarded e-mails pre-dates his traffic difficulties in 2003. For this he has been rendered destitute, has lost his career and lost his ability to provide for his family's welfare. Assuming the government is correct, that is a catastrophic price to pay for being nosy. The only appropriate sentence is probation.

Dated this 2nd day of September, 2009.

>Respectfully submitted,
>
>GIMBEL, REILLY, GUERIN & BROWN LLP
>
>By:
>   /s/Patrick J. Knight
>   PATRICK J. KNIGHT
>   State Bar No. 1003374
>   Email: pknight@grgblaw.com
>   KATHRYN A. KEPPEL
>   State Bar No. 1005149
>   Email: kkeppel@grgblaw.com
>Attorneys for Defendant

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
*crimszymuszkiewicz/p/sentencingmemorandum*