# GRGB LAW

GIMBEL • REILLY • GUERIN • BROWN

Writer's Direct E-mail
pknight@grgblaw.com

August 27, 2009

**DELIVERED BY MESSENGER**

LaKeasha Mallett, Probation Officer
United States Probation Office
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

    Re:    *United States v. David Szymuszkiewicz*
           Case No. 07-CR-171

Dear Ms. Mallett:

    This letter is to set forth the defense objections to the presentence report previously submitted to the court. Our factual objections are as follows:

    1.    On page 2, paragraph 10, you opine that Mr. Szymuszkiewicz began intercepting his supervisor's email correspondence "after he became concerned he would lose his job after receiving his third citation for operating while intoxicated." That statement and the conclusion contained therein is in error. As you note earlier on that same page in paragraph 7, emails were auto-forwarded to Mr. Szymuszkiewicz pursuant to a rule created on or before February 6, 2003. Mr. Szymuszkiewicz was cited for operating under the influence third offense on April 19, 2003. The motive theory, therefore, is not only unsupported by any evidence presented at trial, but directly refuted.

    2.    On page 3, paragraph 11, you make the statement that "the confidential information of many taxpayers was also breached by Mr. Szymuszkiewicz's actions." Again, this conclusion is not only unsupported, but directly refuted by the evidence received at trial. No evidence was ever presented that any taxpayer information or encrypted data was ever opened or disseminated by Mr. Szymuszkiewicz. Additionally, the only competent witness to testify in this regard, Peter Mulholland, testified that, pursuant to tests he had conducted as an IT specialist for the IRS, he conclusively determined that encrypted messages within emails could not be opened by anyone other than the original intended recipient.

TWO PLAZA EAST
SUITE 1170
330 E. KILBOURN AVE.
MILWAUKEE, WI 53202
P: 414-271-1440
F: 414-271-7680
WWW.GRGBLAW.COM


MILWAUKEE

3.  Guideline Calculation.

Mr. Szymuszkiewicz agrees that the guideline for a violation of 18 U.S.C. § 2511(1)(a) is found in U.S.S.G. § 2H3.1 and has a base level of nine.

Mr. Szymuszkiewicz disagrees that any increase under U.S.S.G. § 3A1.2 is appropriate. There is no individual victim of this offense. If a victim exists, it is the Internal Revenue Service in that various emails sent or forwarded between IRS employees were forwarded to the defendant's computer. No personal communications were ever intercepted or received and no personal information was disclosed in any way. There is no evidence in the record upon which one would conclude that anyone's status as a government employee was a motivation for the offense of conviction.

As noted in the application notes, this guideline does not apply when the victim is an "organization, agency or the government." Similarly, application note 3 states that this "adjustment would not apply, for example, where both the defendant and victim were employed by the same government agency and the offense was motivated by a personal dispute." The clear purpose of this section is to increase penalties for one who attacks a government employee or family member as a means of striking out at the government itself. The matter before the court is light years removed from that and the enhancement is not warranted.

Based on the above, the total offense level for Mr. Szymuszkiewicz is nine.

4.  Criminal History.

Mr. Szymuszkiewicz agrees that the 1999 and 2003 convictions for operating under the influence contribute a total of three points of placing him in a criminal history category of two. He strongly disagrees that any enhancement under U.S.S.G. §§ 4A1.1(d) or (e) is appropriate. Again, this recommendation was reached due to the factual errors pointed out earlier.

As previously noted, the auto-forwarding rule was created in February 2003 or earlier. Accepting the jury's finding that Mr. Szymuszkiewicz created the rule, it necessarily follows that his sole unlawful act was the creation of the rule, which clearly occurred prior to any OWI status or sentence pending at the time of the offense of conviction in this case. The purpose of an increase under this section is to punish criminal conduct committed while one is serving his sentence or under supervision. The outlook rule predates Mr. Szymuszkiewicz's 2003 criminal case, which arose in April 2003. The record is devoid of any evidence that Mr. Szymuszkiewicz forwarded or made use of any

auto-forwarded emails in any way during the pendency of or sentence received in the 2003 case. To consider this a continuing offense where the only possible conduct predated the OWI is patently unfair and unsupported by the facts.

Finally, the defense submits that this case calls for a downward departure under U.S.S.G. § 4A1.3(b), on grounds that the criminal history category substantially over-represents the seriousness of Mr. Szymuszkiewicz's criminal history or the likelihood that he will commit other crimes. The known facts are as follows:

1. Mr. Szymuszkiewicz suffered from the disease of alcoholism, which resulted in OWI criminal convictions in 1999 and 2003.

2. Mr. Szymuszkiewicz thereafter entered significant treatment programs, which he successfully completed with no positive testing for alcohol consumption.

3. Mr. Szymuszkiewicz has maintained sobriety since 2003 and has continued his successful twenty one year career as a revenue officer for the Internal Revenue Service.

Mr. Szymuszkiewicz is a fifty-year old successful husband and father who, like many, battled alcoholism for a period of time. Despite that, he has absolutely no history of violence or misrepresentation and the two OWI offenses are the only blemishes on his record. Having successfully treated that illness, this misdemeanor history clearly does not "necessarily indicate a serious criminal past or a propensity to reoffend." *United States v. Reyes*, 8 F.3d 1379 (9th Cir. 1993); *United States v. Lawrence*, 916 F.2d 553, 554 (9th Cir. 1990); *United States v. Smith*, 909 F.2d 1164 (8th Cir. 1990). As Judge Adelman held in *United States v. Chamulak*, Dkt. No. 06-CR-24 at 6, 2006 U.S. Dist. LEXIS 80252, at *7-8 (E.D. Wis. November 1, 2006), the inclusion of drunk driving in criminal history can result in an over representation of the seriousness of the record:

> Looking at the defendant's record, I do not see the typical category VI offender. First, all but two of the scored offenses were drunk driving cases. While the Sentencing Commission has decided that drunk driving cases score points, courts have held that the inclusion of such offenses may in some cases result in overstatement. *United States v. Hammond*, 240 F. Supp. 2d 872, 881 (E.D. Wis. 2003) (citing *United States v. Brown*, 985 F.2d 478, 482 (9th Cir. 1993); *United States v. Miranda*, 979 F. Supp. 1040, 1043-44 (D.N.J. 1997); *United States v. Anderson*, 955 F. Supp. 935, 937 (N.D. Ill. 1997)). Drunk driving is no doubt a serious crime, but as one that contains no mens rea element it can be distinguished from other felonies. *See generally Leocal v. Ashcroft*, 543 U.S. 1 (2004).

A two-level downward departure in the criminal history category leaves Mr. Szymuszkiewicz with one point and places him in a criminal history category one. The guideline range, therefore, for Mr. Szymuszkiewicz is four to ten months.

Thank you for your consideration of the above.

Very truly yours,

PATRICK J. KNIGHT

PJK/clb

cc: Assistant United States Attorney Erica N. O'Neil
*crimszymuszkiewicz mallet 2009-08-26*